Elaintiff s claim that defendants committed fraud by paying a retirement benefit to her estranged husband, without her *453 consent, while she and her husband were in the midst of divorce proceedings, is barred by the doctrine of res judicata since there is a judgment on the merits from a prior federal action between the same parties involving the same subject matter (see Dickerson v United Way of N.Y. City, 2008 WL 1752392, 2008 US Dist LEXIS 31209 [SD NY, Apr. 15, 2008, No. 07 Civ. 11627(GEL)], affd 351 Fed Appx 506 [2d Cir 2009], cert denied 562 US —, 131 S Ct 105 [2010], reh denied 562 US —, 131 S Ct 698 [2010]). The gravamen of plaintiffs allegations in both actions is that the payment was improper because the retirement benefit constituted joint marital assets subject to equitable distribution. Since both actions arose out of the same transaction and seek essentially the same remedy, the motion court properly dismissed the complaint (see Matter of Hunter, 4 NY3d 260, 269 [2005]). The fact that plaintiffs theories of recovery in this action, sounding in negligence, fraud, and breach of fiduciary duty, differ from the theory of recovery in the federal action, which was based on an alleged violation of ERISA laws, is of no moment since the claims arose out of the same transaction (id.).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Sweeny, J.P., Renwick, Andrias, Freedman and Feinman, JJ.